The opinion of the court was delivered by
Bermudez, C. J.
This is an application for a prohibition.
One relator complains that although the respondent judge has, in his application for a respite, granted him a stay of proceedings against his creditors, said judge has, on the petition of certain parties claiming to be his creditors, who are entitled to neither privilege nor *72 mortgage, authorized the issuance of an attachment directing the sheriff to seize and detain all his property.
The charge is, therefore, that by reason of the previous order staying proceedings, the District Court divests itself of all jurisdiction over all suits, actual or contingent, against the relator and his property, and that the judge of said court exceeded the bounds of his authority and usurped jurisdiction when he entertained the petition of certain creditors for an attachment.
The district judge elaborately returns that the order did not divest him of jurisdiction; that under grave averments made by the creditors, charging the illegality of said order and fraudulent practices by the applicant — the purpose of which was to dispose of his property to their prejudice — pending the proceedings following the order, he was authorized to entertain a petition for the nullity^ of the whole order made on the application for a respite, and to award conservatory remedy to secure, meanwhile, the property of the applicant for the benefit of the creditors as their common pledge.
The question to be determined presently is not whether the decree on the petition for a respite was or not legal, or whether the order' for an attachment should be annulled; but it was simply: whether, after granting the order staying proceedings, the district judge could or not entertain a suit in nullity of said order, and by appropriate remedy, prevent the applicant for a respite from disposing fraudulently of his property, to the prejudice of his creditiors.
Conceding that the order staying proceedings was such as the law authorized, it is clear that it could produce no greater effect than a similar order in insolvency proceedings.
Sec. 1790, R. S., provides that “when issuing the order for the-meeting of the creditors, the judge shall order that all the proceedings, as well against the person as against the property of the debtor, be stayed.”
Sec. 1816, R. S., is to the effect that “all the suits which may have been brought, anterior to the failure, shall be transferred to the-court in which the insolvent debtor shall have presented his schedule and shall be conducted against his syndic.”
In both cases, respite and surrender, the order is designed to protect as well the applicant and his property as his creditors, by maintaining provisionally the statu quo.
It operates like an extraordinary injunction, to which the law *73 attaches the exceptional effect of arresting proceedings pending before courts other than that before which the application, either for a respite or for a cession, is made, and is not intended to prevent the institution of further suits, either against the applicant or his property, in proper eases.
In cases of surrender the pending suits do not abate, but must be transferred to the court seized of the insolvency proceedings. 41 An. 44.
In the early case of Pecquet vs. Golis, 1 M. (N. S.), p. 438, it was held that creditors could proceed against one who had obtained a respite and meditates a removal, to have him arrested, and his goods seized and placed in gremio legis.
In the latter case of Jeffries vs. Belleville Iron Works, 15 An. 19, the then Supreme C.ourt held that creditors of an insolvent had the right, by a direct action, to seek the nullity of the order of court accepting a surrender of property by an insolvent, by contradictory proceedings in the same court. .
Indeed, not only had the court jurisdiction, but it was the only one which could have and had authority to annul one of its judgments. O. P. 608; H. D. 746 (2).
The Code, R. O. O. 3098, declares, that when the creditors refuse - a respite, the cession of property ensues and the proceedings continue, as if the cession had been offered in the first instance.
Sec. 1805, R. S., et seq., recognize in creditors, in the cases stated, the right to proceed judicially in the manner and form prescribed, to-have their debtor arrested and punished in different ways.
It is right and proper, particularly in cases of respite, that creditors, notwithstanding the order staying proceedings, should retain the privilege of protecting themselves in proper cases, not only by the arrest of their debtor, but also by the seizure of his property for their common good.
By the application of a respite, the ownership and possession of the property of the applicant were not diverted from him, and did not pass to his creditors, as in cases of surrenders. They both continue in him, at least until the meeting of the creditors has been held.
A court can not entangle its powers so as to bring them to a deadlock.
Were the creditors, in consequence of the order staying proceedings, stripped of the right of self-protection and thus paralyzed, *74 the result 1701x111 be that a debtor in bad faith could, under the shield of the law, take advantage of the intervening delay and fraudulently dispose of his property in various ways, to their injury.
It is therefore plain that creditors have a right to sue their debtor, notwithstanding the order staying proceedings, and on a proper showing secure his property, and have the preliminary orders, and sometimes the final orders and decrees, themselves annulled.
The authorities referred to by relator have no bearing.
There is no attempt in this case, as was sought to be done in those to which our attention is called, to attack collaterally the proceedings, or to nullify them by the authority of another tribunal.
The action in this case is direct, and is brought before the same court that made the preliminary staying order.
In acting as he has done, the district judge has not trangressed, but has kept himself within the bounds of his jurisdiction.
.It is, therefore, decreed that the preliminary restraining order herein made be rescinded and that the application for a prohibition be refused with costs.